## SAM BERLINER *v*. THE STATE.

1. PRACTICE. — When the plea of guilty is entered to an indictment, the Code requires that evidence be submitted to enable the jury (or the court, if the trial is without a jury) to determine the punishment, unless the offence be one of which the punishment is absolutely fixed by law, beyond any power of the jury to graduate it.

2. SAME. — A motion in arrest of judgment does not raise the question whether there was any evidence, or whether the evidence was sufficient. Therefore, an allegation respecting the evidence, made in such a motion, cannot countervail the presumption of regularity in support of the proceedings had on the trial.

3. SAME. — Under our Code, a motion in arrest of judgment is a suggestion by the defendant that judgment cannot legally be rendered against him on the verdict; and it is also available to reach substantial defects in the indictment.

4. SAME. — When independent clauses in a statute are connected by the conjunction "or," the prosecution need satisfy but one of the alternatives. An indictment in such a case may count upon all the clauses, by substituting, usually, the copulative for the disjunctive conjunction, where the latter is used in the statute; but, at the election of the pleader, the indictment may count upon any one of the alternative clauses which independently define the offence. Under either form of pleading, the proof need cover only so much of the allegation as suffices to charge a complete offence.

5. SAME. — The proper time to take advantage of duplicity in an indictment is before verdict.

6. SAME. — The statutory provision which requires the court, when a defendant pleads guilty, to admonish him of the consequences, applies to felonies only.

APPEAL from the County Court of Grayson.   Tried below before the Hon. A. E. WILKINSON, County Judge.

The indictment charges that the defendant "did keep, deal, and exhibit" a bank for the purpose of gaming, etc. There is no statement of facts, or bill of exceptions. The defendant pleaded guilty, and the jury assessed his punishment at a fine of $50.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The indictment in this case charges that defendant did keep, deal, and exhibit a bank for the purpose of gaming.   On the trial of the cause in the court below, the defendant pleaded guilty, and the jury assessed his punishment at a fine of $50.   We find in the record no bill of exceptions, motion for new trial, or assignment of errors.

The defendant filed a motion in arrest of judgment, for the following reasons : —

"1. Because there was no evidence introduced by the State to sustain the plea of guilty.

" 2. The indictment charges no offence against the laws of the State.

" 3. The indictment charges two separate offences (if it charges any thing), to wit, the keeping a bank, and dealing and exhibiting a bank, for gaming.

" 4. The court erred in not warning the defendant of the consequences of the plea of guilty."

In all cases, whether felonies or misdemeanors, when a defendant pleads guilty, and the punishment of the offence is not absolutely fixed by law, and beyond the discretion of the jury to graduate it in any manner, evidence should be submitted to enable the jury — or the court, if it is tried without a jury — to decide thereupon. Pasc. Dig., arts. 2944, 2945.

We are not authorized to conclude, from defendant's motion in arrest of judgment alone, that there was no evidence submitted to the jury in the case at bar. On the contrary, the presumption is that the proceedings had on the trial were in all respects regular. The motion in arrest of judgment does not properly bring in review the question as to whether the evidence warranted judgment, or as to whether there was any evidence introduced.

"A motion in arrest of judgment is a suggestion to the court, on the part of the defendant, that a judgment cannot be legally rendered upon the verdict against him." Pasc. Dig., art. 3140. " A motion in arrest of judgment will be granted upon any ground which would be good upon exception to an indictment, for any substantial defect therein." Art. 3143.

There is no objection to the verdict, and the indictment is sufficient. If there are independent clauses in a statute, connected by the conjunction " or," no more need be done than to satisfy one of the alternatives. In such cases the pleader should either set out the offence as covered by all the clauses, usually connecting the parts of the allegation by the conjunction " and " where " or " is found in the

statute, or should state only what falls within one clause, at the election of the pleader; and whichever form is adopted, the proof need only cover so much of the allegations as contains a complete offence. Bishop's Stat. Cr., sect. 214.

The proper time to take advantage of an indictment, for duplicity, is before the verdict.

The article in the statute, which says, "If the defendant pleads guilty, he shall be admonished by the court of the consequences," refers entirely to felonies. We find nothing in the record which requires a reversal of the judgment, and it is, therefore, affirmed.

*Affirmed.*